UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| STEVEN PERRY, individually and on behalf of himself and persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE BOEING COMPANY, a foreign profit corporation; BOEING FINANCIAL CORPORATION, a Washington profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | Case No. 2:24-cv-01000<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[Clerk's Action Required] |

**TO:** **CLERK OF THE COURT**

**AND TO:** **PLAINTIFF STEVEN PERRY AND HIS ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332 and 1441(b), Defendants The Boeing Company ("Boeing") and Boeing Financial Corporation ("BFC") (collectively, "Defendants") hereby remove the instant action from the King County Superior Court for the State of Washington, Case No. 24-2-12754-2 SEA, to the United States District Court for the Western District of Washington, Seattle Division, on the distinct grounds of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441(b). This Notice of Removal is supported by the Declarations of Adam T.

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 1
Case No. 2:24-cv-01000

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Pankratz ("Pankratz Decl.") and Angela McClurg ("McClurg Decl.") filed concurrently herewith, and the statements of facts and arguments below.

## I. BACKGROUND

1. On or about June 6, 2024, Plaintiff Steven Perry caused to be filed a Class Action Complaint for Discrimination ("Complaint") in this action in the King County Superior Court for the State of Washington, captioned *Steven Perry, individually and on behalf of all others similarly situated, Plaintiff, vs. The Boeing Company, a foreign profit corporation; Boeing Financial Corporation, a Washington profit corporation; and DOES 1-20, as yet unknown Washington entities,* Case No. 24-2-12754-2 SEA. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached as Exhibit 1 to this Notice of Removal and as Exhibit 1 to the Declaration of Adam T. Pankratz ("Pankratz Decl."), ¶ 2.

2. On June 6, 2024, Plaintiff filed his 20-day Summons to Defendants The Boeing Company and Boeing Financial Corporation with the King County Superior Court. Pankratz Decl., ¶ 3, Ex. 2.

3. On June 6, 2024, Plaintiff filed a true and correct copy of the Case Information Cover Sheet and Area Designation. Pankratz Decl., ¶ 4, Ex. 3.

4. On June 6, 2024, the King County Superior Court Clerk issued an Order Setting Civil Case Schedule. Pankratz Decl., ¶ 5, Ex. 4.

5. On June 11, 2024, Plaintiff filed his Declaration of Service of Summons and Complaint, showing service upon Defendant The Boeing Company on June 7, 2024. Pankratz Decl.*,* ¶ 6, Ex. 5.

6. On June 11, 2024, Plaintiff filed his Declaration of Service of Summons and Complaint, showing service upon Defendant Boeing Financial Corporation on June 7, 2024. Pankratz Decl.*,* ¶ 7, Ex. 6.

7. On July 3, 2024, Adam T. Pankratz filed a Notice of Appearance on behalf of Defendants in the King County Superior Court. Pankratz Decl.*,* ¶ 8, Ex. 7.

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 2
Case No. 2:24-cv-01000

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

8. The foregoing Exhibits 1 through 7 constitute all of the process, pleadings, and orders either served upon Defendants or filed in this action. Pankratz Decl*.,* ¶ 9.

9. The deadline for Defendants to remove this action has not expired since receipt by Defendants of the Summons and Complaint. Defendants have not voluntarily invoked or submitted to the jurisdiction of the King County Superior Court of the State of Washington in any manner. Pankratz Decl., ¶ 13.

10. No further proceedings have occurred in the state court as of the date of this Notice. *Id.* As a result, true and correct copies of all process, pleadings, orders, and other records served or filed in the state court action have been provided herewith.

## II. DIVERSITY JURISDICTION

11. District courts have jurisdiction for civil actions where: (A) the controversy is between citizens of different states; and (B) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). It is the removing party's burden to establish that removal is proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,* 599 F.3d 1102, 1106-07 (9th Cir. 2010) (internal citations omitted). Both requirements of diversity jurisdiction are met here, as addressed below.

**A.    Complete Diversity of Citizenship.**

12. BFC, the only non-diverse defendant, was fraudulently joined.

(a) Fraudulent joinder is an exception to the requirement of complete diversity. *See Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (internal alteration in *McCabe*). Fraudulent joinder may be established in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 3
Case No. 2:24-cv-01000

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

the non-diverse party in state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548-49 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). A defendant will succeed under the second method where it "shows that an 'individual[] joined in the action cannot be liable on any theory.'" *Id*. (quoting *Ritchey v. Upjohn Drug Co*., 139 F.3d 1313, 1318 (9th Cir. 1998)).

    (b)  Here, Plaintiff has no viable claims against BFC. BFC is not in active operation, does not have any property, does not have any employees, and has not posted any job postings. *See* McClurg Decl., ¶ 4. Further, Plaintiff has no good faith basis on which to name BFC as a Defendant in this matter, and the only basis for doing so is pure speculation (the job posting was not on a BFC website and did not identify BFC as an employer (Pankratz Decl., ¶ 2, Ex. 1 (Complaint Exhibit 1)), or in a blatant (bad faith) attempt to defeat diversity jurisdiction because BFC is an entity that appears to be a Washington entity. As a result, there is no possibility that Plaintiff can establish his claims against BFC. Thus, Defendants meet their burden to show that BFC was fraudulently joined.

  13.  Plaintiff and Boeing are citizens of different states. 28 U.S.C. § 1332.

    (a)  Plaintiff's Citizenship. For diversity of citizenship purposes, a person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). The Ninth Circuit has held that "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Comm'ns, Inc.,* 932 F.3d 1223, 1227 (9th Cir. 2019). Here, Plaintiff pled in his Complaint that he is a resident of Whatcom County, Washington. Pankratz Decl., ¶ 2, Ex. 1. Thus, based upon Plaintiff's assertions, Plaintiff is a citizen of Washington.

    (b)  Defendants' Citizenship**.** "A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c). The Supreme Court of the United States established the proper

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 4
Case No. 2:24-cv-01000

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corporation v. Friend*, 559 U.S. 77, (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 80–81. The Court clarified that the principal place of business can be the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* Here, Boeing is incorporated in Delaware, and its corporate headquarters is located in Virginia, where its administrative and executive functions occur. McClurg Decl., ¶ 3. Thus, for diversity purposes, Boeing must be considered a citizen of the states of Delaware and Virginia.

14.     Based upon the foregoing, there is complete diversity of citizenship between Plaintiff, who is a citizen of Washington, and Boeing, which is a citizen of Delaware and Virginia.

**B.     Amount in Controversy.**

15.     The amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

16.     In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980–81 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155–56 (9th Cir. 1998). The amount in controversy includes all future damages the plaintiff would be entitled to upon resolution of the case in his favor. *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 417 (9th Cir. 2018).

17.     Defendants have the burden of showing that it is more likely than not that the jurisdictional threshold is in controversy. *Sanchez*, 102 F.3d at 404. "[That] burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Ctrs., LLC*,

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 5
Case No. 2:24-cv-01000

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

No. S-07-0325, 2007 WL 1302504 at *2 (E.D. Cal. May 1, 2007) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).

18. In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Thus, the Court should assume that Plaintiff will prevail on his statutory claims that include attorneys' fees, costs, and expenses.

19. Under 28 U.S.C. § 1446(c), Boeing has a reasonable good-faith belief that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000.

(a) <u>Statutory Damages</u>. First, Plaintiff first seeks statutory damages of actual damages or $5,000, whichever is greater, pursuant to RCW 49.58.070(1). *See* Pankratz Decl., ¶ 2, Ex. 1, Section VII. Request for Relief, ¶ 2.

(b) <u>Attorneys' Fees, Expenses, and Costs</u>. Second, Plaintiff seeks attorneys' fees, expenses, and costs under RCW 49.58.070(1). *See* Pankratz Decl., ¶ 2, Ex. 1, Section VII. Request for Relief, ¶ 3. Statutory attorneys' fees are included in a computation of the amount in controversy. *Galt G/S*, 142 F.3d at 1155–56. The Ninth Circuit has held that future attorneys' fees awards are part of the amount in controversy, not just those fees that are incurred at the time of removal. *Chavez,* 888 F.3d at 417; *Fritsch*, 899 F.3d at 788. Defendants retain the burden of proving the amount of future attorneys' fees by a preponderance of the evidence, *Fritsch*, 899 F.3d at 788, and may estimate them at the time of removal, *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 n.2 (9th Cir. 2016). Based on experience in similar class action litigation, if successful, Plaintiff's fee award will likely be in excess of $75,000, and in fact, Plaintiff's counsel has routinely sought approval of fee awards in excess of that amount. *See* Pankratz Decl., ¶ 11, Exs. 9-12 (approval of fee awards of $138,600, $204, 848.83, $270,000, and $85,000). Further to this point, courts in the Ninth Circuit have estimated the number of hours for employment cases between 100 and 300 hours. *Adkins,* 293 F. Supp. 3d at 1148; *Garcia v. ACE Cash Express, Inc.*,

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 6
Case No. 2:24-cv-01000

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

No. SACV 14-285-DOC-RNBx, 2014 WL 2468344, at *5 (C.D. Cal. May 30, 2014); *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468 at *6 (C.D. Cal. 2015). Plaintiff's counsel recently sought approval of a billing rates of $725 and $750 per hour, and presuming he would do the same here, his fees would outstrip the amount in controversy threshold. *See* Pankratz Decl., Ex. 10 (approval of $725 per hour), Ex. 8 (recent fee declaration filed in Washington Superior Court). In a job pay transparency class action in which Plaintiff's counsel settled, counsel sought payment of $1,121,000 in attorneys' fees and costs. *Id.* at Ex. 8. Here, this litigation will likely involve dispositive motions, discovery, extensive briefing on class certification for many alleged "class members," all of whom will seek at least $5,000 in alleged damages.

(c) <u>Service Award</u>**.** Finally, Plaintiff seeks a service award related to his purported role as class representative. In collective and class action cases, Plaintiffs routinely request an award of $15,000-$20,000. Defendants expect no difference here.

20. <u>In Sum</u>. When combined, it is more likely than not that the amount in controversy exceeds $75,000, particularly considering statutory damages of $5,000, attorneys' fees in class action cases which routinely exceed $75,000, and a service award to Plaintiff up to $20,000. *See* Order, *Branson v. Washington Fine Wine & Spirits, LLC,* No. 2:24-cv-00589, (W.D. Wash. June 12, 2024), ECF No. 25 (order denying motion for remand).

### III.   ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

21. This Court is the appropriate venue for removal because it is the federal district court for the district and division where the above-described King County Superior Court case is pending. *See* 28 U.S.C. § 1441(a).

22. This Notice of Removal is being timely filed within 30 days of June 7, 2024, when according to Plaintiff's Declarations of Service, Defendants received notice of the pleadings upon which this removal is based. *See* 28 U.S.C. § 1446(b).

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 7
Case No. 2:24-cv-01000

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

23. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the King County Superior Court, attached to a pleading entitled "Notice to State Court of Removal to Federal Court."

24. As required by 28 U.S.C. § 1446(d), and as affirmed in the attached Certificate of Service, Defendants served Plaintiff with this Notice of Removal and with their Notice to State Court of Removal to Federal Court.

## V.  CONCLUSION

WHEREFORE, Defendants respectfully request that this case be removed from the King County Superior Court of the State of Washington to this Court. Defendants reserve, and do not waive, any objections they may have to jurisdiction, venue, and any and all other defenses or objections to this action.

Respectfully submitted this 8th day of July, 2024.

>                                   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>
>                                   By: */s/ Adam T. Pankratz*
>                                       Adam T. Pankratz, WSBA #50951
>                                       1201 Third Avenue, Suite 5150
>                                       Seattle, WA  98101
>                                       Telephone:  (206) 693-7057
>                                       Facsimile:  (206) 693-7058
>                                       Email:  adam.pankratz@ogletree.com
>
>                                   By: */s/ Mathew A. Parker*
>                                       Mathew A. Parker, OSBA #0093231
>                                       (*pro hac vice* application to be submitted)
>                                       The KeyBank Building
>                                       88 East Broad Street, Suite 2025
>                                       Columbus, OH  43215
>                                       Telephone:  (614) 494-0420
>                                       Facsimile:  (614) 633-1455
>                                       Email:  mathew.parker@ogletree.com
>
>                                   *Attorneys for Defendants The Boeing Company and Boeing Financial Corporation*

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 8
Case No. 2:24-cv-01000

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2024, I served the foregoing DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT via the method(s) below to the following parties:

Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani Jr., WSBA #59991
EMERY | REDDY PLLC
600 Stewart Street, Suite 1100
Seattle, WA  98101-1269
Telephone:  (206) 442-9106
Facsimile:  (206) 441-9711
Email:     emeryt@emeryreddy.com
           reddyp@emeryreddy.com
           paul@emeryreddy.com

*Attorneys for Plaintiff Steven Perry*

☒  by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐  by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☒  by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 8th day of July, 2024 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

By: */s/ Cheryl L. Kelley*
    Cheryl L. Kelley, Practice Assistant
    cheryl.kelley@ogletree.com

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 9
Case No. 2:24-cv-01000

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058