UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN PERRY,

        Plaintiff,

   v.

THE BOEING COMPANY, *et al*.,

        Defendants.

CASE NO. 2:24-cv-01000-RSL

ORDER OF REMAND

     This matter comes before the Court on "Plaintiff's Motion to Remand." Dkt. # 20. Plaintiff filed this class action in King County Superior Court alleging that Boeing violated the pay transparency requirements of Washington's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58. Defendants timely removed on diversity grounds. Plaintiff seeks remand, arguing that defendants have failed to show that plaintiff suffered an injury or harm sufficient to establish Article III standing, that defendants failed to establish diversity jurisdiction, and that the state law issues are best adjudicated in state court. Having reviewed the memoranda, declaration, and exhibit submitted by the parties and having surveyed the relevant case law, the Court finds as follows:

     EPOA promotes pay equity in Washington State by addressing business practices that contribute to income disparities. On January 1, 2023, a provision took effect that requires certain employers to disclose in each job posting the available position's wage

ORDER OF REMAND - 1

scale/salary range and a general description of other compensation and benefits. RCW 49.58.110. Job applicants are permitted to seek statutory damages of $5,000. RCW 49.58.110(4). Within a few months of the provision's effective date, plaintiffs represented by Emery Reddy, PLLC, filed a series of putative class-action lawsuits against various companies who had posted jobs that were not compliant with the pay transparency provision. This case is one of multiple lawsuits with virtually identical complaints filed in King County Superior Court and subsequently removed to this Court by the named defendants.

When the first of these cases were removed, the defendants immediately filed motions to dismiss for lack of subject matter jurisdiction, arguing that the plaintiffs' general allegations of wasted time and an inability to evaluate, negotiate, and/or compare pay were not concrete and particularized harms that satisfied Article III's case and controversy requirement. *See, e.g.*, *Atkinson v. Aaron's LLC*, No. 23-cv-1742-BJR, __ F. Supp.3d __, 2024 WL 2133358 (May 10, 2024). In that context, the Honorable Barbara J. Rothstein, United States District Judge, to whom many of these early cases were assigned, agreed. Judge Rothstein concluded that while a technical or procedural violation of the pay transparency requirements may entitle a job applicant to statutory damages under EPOA, a person applying for an available position is not actually harmed or exposed to a risk of actual harm from the violation unless he or she applied for the job with a good-faith intent to seek employment (as opposed to simply seeking a cause of action). *See, e.g.*, *Spencer v. Jeld-Wen Inc.*, No. 23-cv-1757-BJR, 2024 WL 4566581, at *2 (W.D. Wash. Oct. 24, 2024). In the absence of standing, Judge Rothstein found that she lacked subject matter jurisdiction over the claims. She declined to dismiss the cases, however, instead remanding the matters so the state courts could determine whether the allegations adequately stated a cause of action under EPOA.

More recently, plaintiffs whose EPOA claims were removed have taken the initiative to seek remand. In that context, two other judges in this district have followed Judge Rothstein's analysis and granted motions to remand. *Wright v. HP Inc.*, 2:24-cv-01261-MJP, 2004 WL 4678268 (W.D. Wash. Nov. 5, 2024); *Partridge v. Heartland Express Inc. of Iowa*, No. 3:24-cv-05486-DGE, 2024 WL 4164245 (W.D. Wash. Sept. 12, 2024). The only cases the Court has found in which remand was denied involved either a specific allegation that plaintiff applied for the job "in good faith with the intent of gaining employment," *Branson v. Wash. Fine Wine & Spirits, LLC*, 2:24-cv-00589-JHC, Dkt. # 1-2 a¶ 19 (W.D. Wash.), or additional facts, such as a successful application and resulting employment relationship, giving rise to the plausible inference that plaintiff was exposed to a real risk of receiving unfair or lower wages based on gender identity, *Moquete v. GNC Holdings, Inc.*, 3:24-cv-05393-BHS, 2024 WL 4553690 (W.D. Wash. Oct. 23, 2024).

Boeing's attempts to distinguish the overwhelming weight of authority in this district are unavailing. The allegations of the complaint are very similar to those in the earliest cases and identical to those found in later cases such as *Wright*. The Court agrees that the allegations of wasted time and an inability to evaluate, negotiate, and compare compensation packages do not suggest that plaintiff initiated the job search or application process with a good faith intent to obtain employment and they do not, standing alone, constitute an injury "that is concrete, particularized, and actual or imminent" enough to establish standing under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Whether plaintiff has Article III standing to proceed with this lawsuit implicates the Court's subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975). In a class action, "standing is the threshold issue .... If the individual plaintiff lacks standing, the court need never reach the class action issue." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003). Because there are no allegations of fact which, if

ORDER OF REMAND - 3

accepted as true, give rise to a reasonable inference that plaintiff suffered an injury sufficient to establish Article III standing, defendants have not shown that federal jurisdiction exists. This matter will therefore be remanded to King County Superior Court pursuant to 28 U.S.C. § 1447(c). Because the Court lacks the power to hear this case, it will not address the parties' additional arguments.

For all of the foregoing reasons, plaintiff's motion for remand is GRANTED.

Dated this 22nd day of November, 2024.

*[signature]*
Robert S. Lasnik
United States District Judge